# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1779 | **DATE** | April 15, 2013 |
| **CASE TITLE** | Joseph L Johnson, III (#2012-0007783) vs. City of Bolingbrook, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement shall make deductions from Plaintiff's trust account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Will County Jail. The clerk shall issue summonses for service of the complaint on all the Defendants except the City of Bolingbrook, which is dismissed. The Clerk shall send Plaintiff a Magistrate Judge Consent Form and instructions for submitting documents. Plaintiff's petition for a writ of habeas corpus [4] is denied.

■[ For further details see text below.]                                      Docketing to mail notices.

## STATEMENT

Plaintiff, Joseph Johnson, III, currently confined at the Will County Jail, has filed an 42 U.S.C. § 1983 complaint against the City of Bolingbrook and its Officers Gallas, Jehnke, Higens, Morrow, Davi, Orejel, and Detectives Georgeff and Cunningham. Plaintiff alleges that, on September 30, 2012, Officers Gallas, Jehnke, Marrow, and Higens beat, kicked, stomped on his ear after apprehending him following a chase. Officers Davi and Orejel allegedly stood by and watched without intervening. Detectives Cunningham and Georgeff allegedly questioned Plaintiff but ignored his complaints of pain.

The court concludes, pursuant to a preliminary review, see 28 U.S.C. § 1915A, that the complaint states colorable claims against the police officers, *see Sanchez v. City of Chicago*, 700 F.3d 919, 926 (7th Cir. 2012) (officers may be held accountable not only for their own use of excessive force, but also for not taking steps to prevent the use of excessive force by others), and against the detectives. *See Lopez v. City of Chicago*, 464 F.3d 711, 720 (7th Cir. 2006) (ignoring a detainee's need for medical attention can give rise to a constitutional claim of deliberate indifference). The complaint itself makes no mention of the City of Bolingbrook, however, nor has Plaintiff alleged facts that suggest an unconstitutional policy or custom on the part of the City. *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012) (to state a claim of municipal liability a plaintiff must allege facts demonstrating the existence of an "official policy" or custom that not only caused but also was the moving force behind the constitutional violation). The complaint may thus proceed against officers and detectives, but the City of Bolingbrook is dismissed.

Plaintiff's *in forma pauperis* motion is granted. The trust fund officer at Plaintiff's place of confinement shall deduct from Plaintiff's trust fund account an initial partial filing fee of $7.80, when adequate funds exist, and thereafter collect monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected shall be forwarded to the court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee, and Will County Jail authorities shall inform transferee authorities of this obligation in the event Plaintiff is transferred.

| STATEMENT |
|---|
| The clerk shall issue summonses and the Marshall shall serve the Bolingbrook officers and detectives. The Marshal may mail Plaintiff forms necessary for the Marshal to accomplish service. Plaintiff's failure to return forms to the Marshal will result in the dismissal of unserved Defendants. If needed, officials with the Bolingbrook Police Department shall provide available information to the Marshal to serve the Defendants. The Marshal shall neither make public nor keep in the court's file any address information of the Defendants. The Marshal may seek waivers of service pursuant to FED. R. CIV. P. 4(d); however, if unable to obtain waivers, the Marshal shall attempt personal service.<br><br>Plaintiff must file all future papers concerning this action with the cCerk of court in care of the Prisoner Correspondent. Also, Plaintiff must send an exact copy of his filings to the Defendants or their attorney, and each filing must include a certificate of service stating when and to whom copies were sent. Any paper sent directly to the judge or otherwise fails to comply with these instructions may be disregarded or returned to Plaintiff. |